IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SEGUNDO MARCELO CHACHIPANTA CANDO,<br><br>Petitioner,<br><br>vs.<br><br>PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; DEPARTMENT OF HOMELAND SECURITY, TODD M. LYONS, Acting Director of Immigration and Customs Enforcement;  IMMIGRATION AND CUSTOMS ENFORCEMENT, DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement; and STEVE FANNON, or successor, Warden of McCook Detention Center;<br><br>Respondents. | 8:26CV46<br><br>ORDER TO SHOW CAUSE |

    This matter is before the Court on Petitioner Segundo Marcelo Chachipanta Cando's (Chachipanta Cando) Verified Petition for Writ of Habeas Corpus. (Filing No. 1).

    Chachipanta Cando is an Ecuadoran citizen who entered the United States as an unaccompanied minor in September 2020. (Filing No. 1 at 8). He was transferred to the care of the U.S. Department and Health and Human Services and later released "pursuant to section 462 of the Homeland security Act of 2002 and section 235 of the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008." (Filing No. 1 at 8; Filing No. 1-3).

    Around five years later, on January 3, 2026, Respondents detained him. (Filing No. 1 at 9). An immigration judge denied Chachipanta Cando's request to be released on bond during the

pendency of the proceedings in immigration court, reasoning that the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) "strips this Court of jurisdiction to consider [Chachipanta Cando] for bond in spite of the numerous district court cases finding [noncitizens] like the current one are eligible for a bond." (Filing No. 1-7 at 3). The immigration judge further indicated that if he had jurisdiction, he would have granted Chachipanta Cando a bond of six thousand dollars because he is not a danger to the community and is a moderate flight risk. (Filing No. 1-7 at 3). Chachipanta Cando remains in custody at the McCook Detention Center in Red Willow County, Nebraska. (Filing No. 1 at 9).

Chachipanta Cando alleges that his detention is unlawful. He seeks immediate release or, in the alternative, "release upon posting of a $6,000 bond with the Department of Homeland Security, equal to the amount that the [immigration judge] stated he would grant had he believed he had jurisdiction." (Filing No. 1 at 2). The habeas statute provides that a court must grant the petition for a writ or order Respondents to "show cause why the writ should not be granted unless it appears from the application that [Chachipanta Cando] is not entitled" to relief. 28 U.S.C. § 2243. The order to show cause must be "directed to the person having custody of [Chachipanta Cando]." *Id.* The show cause order must "be returned within three days" unless "good cause for additional time, not to exceed twenty days, is allowed." *Id.* The person to whom the order is directed "shall make a return certifying the true cause of [Chachipanta Cando's] detention." *Id.*

The Court cannot say from the face of the petition that Chachipanta Cando is not entitled to relief. Accordingly, the Court orders Chachipanta Cando to serve his petition and a copy of this Order on Respondents and file proof of service with the Court. Respondents shall then show cause why the writ should not be granted. After Chachipanta Cando replies, the Court will set a hearing on the matter. The Court finds the need to serve Respondents and the complexity of the legal issues constitute good cause for the briefing schedule to the extent it allows a response beyond the three days ordinarily allowed under 28 U.S.C. § 2243.

Further, the Court finds cause to preserve the status quo and the Court's jurisdiction by ordering that Chachipanta Cando may not be removed from the United States or the District of Nebraska until further order of this Court. *See* 28 U.S.C. § 1651; *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) ("grant[ing] temporary injunctive relief" against removal "to preserve our jurisdiction" while adjudicating the merits). Accordingly,

2

**IT IS ORDERED:**

1. Petitioner Segundo Marcelo Chachipanta Cando shall serve his Petition for Writ of Habeas Corpus (Filing No. 1) and a copy of this Order on Respondents as soon as is practicable, and file proof of such service with the Court.
2. Respondents shall, within three business days of being served, make a return certifying the true cause of the petitioner's detention and showing cause why the writ should not be granted.
3. Petitioner shall reply in support of his petition within three business days of the Respondents' return.
4. The Court will then set a prompt hearing on this matter.
5. Respondents shall not remove Petitioner from the United States or the District of Nebraska until further order of the Court.

Dated this 3rd day of February, 2026.

BY THE COURT:

_Susan M Bazis_
Susan M. Bazis
United States District Judge